IN THE SUPREME COURT OF THE STATE OF DELAWARE

TYRELL MACKEY, §
§ No. 351, 2016
Defendant Below, §
Appellant, § Court Below–Superior Court of
§ the State of Delaware
v. §
§ Cr. ID No. 1509012006
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: December 27, 2016
Decided: March 9, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

### ORDER

This 9th day of March 2017, having considered the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)     In November 2015, the appellant, Tyrell Mackey, was indicted on charges of Possession of a Deadly Weapon (Firearm) by a Person Prohibited, Theft of a Firearm, Stolen Property, and Resisting Arrest. At final case review on April 20, 2016, Mackey pled guilty to Possession of a Firearm by a Person Prohibited and Theft of a Firearm. As part of the plea agreement, Mackey stipulated that he was

eligible for sentencing as a habitual offender under 11 *Del. C.* § 4214(a).[1] In exchange for Mackey's plea to Possession of a Firearm by a Person Prohibited and Theft of a Firearm, the State agreed to enter a *nolle prosequi* on the other counts in the indictment and to recommend a sentence of no more than fifteen years of incarceration. The Superior Court accepted the guilty plea and ordered a presentence investigation.

(2) At sentencing on June 10, 2016, after declaring Mackey a habitual offender for the Theft of a Firearm conviction, the Superior Court sentenced Mackey on both convictions to a total of twelve years of unsuspended incarceration—seven years mandatory—and completion of the KEY program followed by two years of Level III probation. This is Mackey's direct appeal.

(3) On appeal, Mackey's trial counsel ("Counsel") has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.

(4) Counsel informed Mackey of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief and appendix in draft form. Counsel also informed Mackey of his right to identify any points he

---

[1] 11 *Del. C.* § 4214(a) (Supp. 2017). When imposing a sentence under § 4214(a), the Superior Court has the discretion to impose a sentence of up to life in prison.

2

wanted this Court to consider on appeal. Mackey has not raised any issues for the Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(5)    When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[2]  Also, the Court must conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(6)    Having conducted "a full examination of all the proceedings" and having found "no nonfrivolous issue for appeal,"[4] the Court concludes that Mackey's appeal "is wholly without merit."[5]    The Court is satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Mackey could not raise a meritorious claim on appeal.

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson v. Ohio*, 488 U.S. at 81.
[4] *Id.* at 80.
[5]  Del. Supr. Ct. R. 26(c).

3

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

_____
Justice